**Victorio CURIEL; Lina Curiel Meza, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–70862.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007 *.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Filed Dec. 28, 2007.

Victorio Curiel, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kurt B. Larson, Esq., Stacy S. Paddack, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

### MEMORANDUM **

Victorio Curiel and Lina Curiel Meza, natives and citizens of Mexico, petition for review of an order of the Board of Immigration Appeals ("BIA") denying their motion to reopen removal proceedings. We dismiss the petition for review.

The evidence the Curiels presented with their motion to reopen concerned the same basic hardship grounds as their application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence would not alter its prior discretionary determination that they failed to establish the requisite hardship. *See id.* at 600 (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the

hardship standard.") (Internal quotations and brackets omitted).

Our conclusion that we lack jurisdiction to review the BIA's determination that the Curiels did not make out a prima facie case of hardship forecloses their argument that the BIA denied them due process by failing to consider and address the entirety of the evidence submitted with the motion to reopen. *See Fernandez,* 439 F.3d at 603–04.

**PETITION FOR REVIEW DISMISSED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

